IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ZEFFREY JOHN WALKER,

    Plaintiff,

v.

STATESBORO POLICE DEPARTMENT;
BULLOCH COUNTY SHERIFF'S
DEPARTMENT; and JAMES WINSKEY,

    Defendants.

CIVIL ACTION NO.: CV611-131

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Zeffrey Walker ("Plaintiff"), a detainee currently held at the Bulloch County Sheriff Department in Statesboro, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that at the time of his arrest by James Winskey ("Winskey") he had open wounds on his head, arms, back, legs, and hips as a result of an altercation with a female prior to his arrest. (Doc. No. 1, p. 5). Plaintiff states that he was questioned at the Statesboro Police Department and then taken to the Bulloch County Sheriff Department for booking. (Doc. Nos. 1, p. 5–6 and 12, p. 2). Plaintiff alleges that he was denied medical treatment for his previously sustained injuries by Winskey and at both facilities. (Id.). Plaintiff names Winskey, the Statesboro Police Department, and the Bulloch County Sheriff Department as Defendants in this case.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Eleventh Circuit has stated that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit" under § 1983. Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (quoting Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department under Alabama law)). "[C]ases within this

Circuit addressing this issue under Georgia law have reached the same conclusion." Id. (citing Bunyon v. Burke County, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) (dismissing claim against police department) aff'd 116 F. App'x 249 (11th Cir. 2004); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (same)). As a result, Plaintiff cannot show that he is entitled to relief against the Statesboro Police Department or the Bulloch County Sheriff Department under § 1983.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against the Statesboro Police Department and the Bulloch County Sheriff's Department be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)